| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

---

GUSTAVIA HOME, LLC,

                    Plaintiff,

- against -

JAMIE RICE, a/k/a Jamie D. Rice and
NEW YORK ENVIRONMENTAL CONTROL
BOARD,

                    Defendants.

**MEMORANDUM DECISION AND ORDER**

16 Civ. 2353 (BMC)

---

**COGAN**, District Judge.

Plaintiff-mortgagee Gustavia Home, LLC initiated this action on the basis of diversity jurisdiction against defendant-mortgagor Jamie Rice to foreclose on a residential property. The Court previously granted plaintiff's motion for summary judgment, after defendant, proceeding *pro se*, failed to oppose the motion. Several days later, defendant filed her opposition to the motion, stating that she understood the deadline to oppose to be later, and the Court subsequently vacated its Order because it found it was reasonable for defendant to have believed that she had additional time to file her opposition. Now having the benefit of briefing from both parties, the Court grants summary judgment to plaintiff.

## BACKGROUND

In 2007, Defendant executed a note and mortgage in the principal amount of $275,000 and interest to E-Loan Inc. for the residential property located at 111-15 34th Avenue, Corona, New York. In 2012, the note and mortgage were conveyed by written assignment to Lake Icon Portfolio Management I, LLC. In 2015, the note and mortgage were further assigned by proper allonge and written assignment to National Note Group, DE LLC 1. In 2016, the note and mortgage were again assigned by proper allonge and written assignment to Crosby Capital USA

a/k/a Crosby Capital LLC. In 2016, the mortgage and note were properly assigned to plaintiff. Plaintiff is the current owner and holder of the note and mortgage executed by defendant in 2007.

Per the terms of the mortgage and note, defendant was required to make monthly payments of principal and interest beginning January 2008 until the maturity date. Defendant failed to make her July 2011 payment and has failed to make all subsequent payments. On taking ownership of the note and mortgage, plaintiff sent defendant a 90-day notice of default. Plaintiff commenced this action approximately four months later, seeking to foreclose on the mortgage. Plaintiff thereafter moved for summary judgment under Federal Rule of Civil Procedure 56.

## DISCUSSION

Rule 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the movant does this successfully the burden shifts, requiring the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

Specifically, to defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. West-Fair

Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012). In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Buckley v. Deloitte & Touche USA LLP, 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) aff'd, 541 F. App'x 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. D'Amico, 132 F.3d at 149. As a result, "[w]here no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." Builders Bank v. Charm Developments II, LLC, No. 09-CV-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) (internal quotation marks omitted). Once the plaintiff has made an affirmative showing of the defendant's default, the defendant must make "an affirmative

3

showing" that a defense to the action exists. Builders Bank, 2010 WL 3463142 at *3 (internal quotation marks omitted).

As stated in the vacated Order, the Court had reviewed the evidence submitted with the motion for summary judgment to confirm the assignment and chain of title of the mortgage and note; the payment default under the note; the delivery of the required cure notice; and the failure to cure. Plaintiff's evidence established a *prima facie* case for summary judgment. See, e.g., E. Sav. Bank, FSB, 2015 WL 778345 at *6 ("[Plaintiff] has established its *prima facie* case by submitting copies of the Note and Mortgage, executed by [defendant]," as well as an affidavit regarding "[defendant's] default on the payments due."). As a result, the burden shifted to defendant to affirmatively demonstrate a defense or a genuine issue of material fact. Defendant's opposition raises a number of claims and arguments against summary judgment; however, none have any merit.

First, defendant alleges plaintiff's failure to comply with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 in effecting service of 90-day and 30-day notices of default. RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure. "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action.'" Wells Fargo Bank, N.A. v. Ullah, No. 13-CV-485 JPO, 2015 WL 3735230, *8 (S.D.N.Y. June 15, 2015) (quoting Aurora Loan Servs., LLC v. Weisblum, 85 A.D.3d 95, 106, 923 N.Y.S.2d 609 (2d Dep't 2011)). Defendant's specific allegation is that she was "never served with, and did not receive, a 90-day Pre-Foreclosure Notice in a timely fashion that complies with state law," ultimately distilling the

4

issues to be that the notice was not "properly served" and that the notice was "defective." Defendant's argument fails for several reasons.

As an initial matter, RPAPL § 1304 applies to mortgagors whose primary residence is the mortgaged property. The record is undisputed that the mortgaged property is not defendant's primary residence. This means that RPAPL § 1304's notice requirement is not applicable to defendant in the first instance.[1] Nonetheless, plaintiff provided evidence that the 90-day notice – and 90 days is the only notice required under RPAPL § 1304, there is no requirement for 30-days' notice – was properly served on defendant: Specifically, plaintiffs provided copies of the Certified Mail forms addressed to both the mortgaged property and defendant's primary residence in Brooklyn. This is enough to effect proper service under New York law. RPAPL § 1304(2). To the extent defendant is suggesting additional service or personal service was required, there is no such requirement. See, e.g., CIT Bank, N.A. v. O'Sullivan, No. 14CV5966, 2016 WL 2732185, at *5 (E.D.N.Y. May 10, 2016).

Moreover, the 90-day notice was not defective. Plaintiff attached the notice to its complaint and it includes the specific language required by the statute, including a warning about the impending foreclosure, as well as information concerning the homeowner's right to cure the default and access counseling agencies in 14-point font. RPAPL § 1304. Further, it is unclear what defendant means when she alleges that the 90-day notice was not effected in a "timely fashion;" if defendant's argument relates to her separate allegation of a statute of limitations on mortgage actions, that is discussed *infra*.

---

[1] Because the home is not defendant's principal dwelling, the requirement to file the 90-day notice with the superintendent under RPAPL § 1306 also does not apply. Similarly, her argument regarding non-compliance with N.Y. Banking Law § 6-l also fails because it only applies to principal dwellings. Additionally, defendant argues that plaintiff has failed to comply with the regulations in N.Y. Banking Law § 595-a, but this provision is simply not applicable here.

Finally, as to the notice, to the extent defendant is alleging that she never received the 90-day notice, this claim also fails. A presumption of receipt of mail arises where the record establishes office procedures, followed in the regular course of business, pursuant to which notices have been addressed and mailed. See, e.g., Meckel v. Cont'l Res. Co., 758 F.2d 811, 817 (2d Cir. 1985). This presumption also arises on sufficient evidence of "uncontroverted United States Postal Service records." See, e.g., O'Sullivan, 2016 WL 2732185, at *5. Here, as noted above, plaintiff provided the United States Postal Service Certified Mail forms addressed to defendant, and defendant's mere "[d]enial of receipt, without more, is insufficient to rebut the presumption." See, e.g., Akey v. Clinton Cty., 375 F.3d 231, 235 (2d Cir. 2004).

Defendant's second defense is that the first mortgagor acted negligently with respect to her loan modification application in 2010. Although it has long been the law of New York that the assignee of a mortgage takes subject to any defenses existing in favor of the mortgagor that existed against the mortgagee/assignor, Hammelburger v. Foursome Inn Corp., 54 N.Y.2d 580, 586, 431 N.E.2d 278, 282 (1981), defendant does not present a genuine issue of material fact on this point. In support of this claim, defendant has failed to plead anything apart from conclusory allegations of negligence, supported by self-serving emails that would not be admissible at trial. Hearsay statements, such as the emails defendant sent to the original mortgagee, are insufficient to create a material issue. See Sarno v. Douglas-Elliman Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999) (holding that hearsay statement "did not constitute competent evidence" and thus could not be considered in opposition to motion for summary judgment).

Moreover, even if the Court were to accept the emails as evidence of the communications between defendant and the original mortgagee, they show that defendant was denied her loan modification for failure to make the trial period payments. Her characterization of the

application process is nothing more than a self-serving rendition of the events, and on issues where the non-moving party has the burden of proof, as here, given that the burden has shifted to defendant to rebut the *prima facie* case for summary judgment, the non-movant must provide more than conclusory and self-serving statements to avoid summary judgment.  See Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Defendant's third defense is that she was the victim of predatory lending when the mortgage was first originated in 2007, in contravention of the Truth in Lending Act ("TILA"); Real Estate Settlement Procedures Act ("RESPA"); Home Ownership Equity Protection Act ("HOEPA"); and Fair Housing Act ("FHA), and that these statutory violations present genuine issues of material fact for trial.  All of these claims fail for the same reasons as above:  They are conclusory statements unsupported by and law or fact.  Moreover, even if the Court were to assess each statutory claim, each one fails on the merits because none of the statutes' protections apply to defendant.

Regarding TILA, Congress enacted the statute "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).  However, TILA does not apply to a residential mortgage transaction, and accordingly, it does not apply here.  15 U.S.C. §§ 1635(e); 15 U.S.C. § 1602(w); see also Ledgerwood v. Ocwen Loan Servicing LLC, No. 15 CIV. 1944, 2015 WL 7455505, at *4 (E.D.N.Y. Nov. 21, 2015).

With respect to RESPA, the purpose of the statute "is to 'insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges

caused by certain abusive practices that have developed in some areas of the country.'" Kapsis v. Am. Home Mortg. Serv. Inc., 923 F. Supp. 2d 430, 444 (E.D.N.Y. 2013) (quoting 12 U.S.C. § 2601(a)). Section 2607 provides that "no person shall accept any fee, kickback or thing of value . . . incident to or a part of a real estate settlement service involving a federally related mortgage loan." 12 U.S.C. § 2607(a). A settlement service includes any service provide in connection with a real estate settlement or closing, such as, for example, title searches, property surveys, attorneys' and brokers' expenses, appraisal costs, and pest and fungus inspections. 12 U.S.C. § 2602(3). See also McAnaney v. Astoria Fin. Corp., 357 F. Supp. 2d 578, 588 (E.D.N.Y. 2005). Nothing in defendant's opposition or any filings suggests any issue with an abusive service fee in connection with the mortgage closing, and accordingly, defendant's claim fails.

Next, defendant cannot avail herself of HOEPA, which was enacted in 1994 as an amendment to TILA designed to address abusive practices in certain consumer credit transactions, refinances and closed-end home equity loans with high interest rates or high fees, later expanded by Dodd-Frank to include purchase-money mortgages and open-end credit plans (i.e., home equity lines of credit). 15 U.S.C. §§ 1639, 1602(bb). Defendant does not allege that her mortgage qualifies under HOEPA as one of these types of consumer credit transactions, but even assuming that it is any one of them, HOEPA still requires that the consumer credit transaction be one "secured by the consumer's principal dwelling, other than a reverse mortgage transaction," 15 U.S.C. § 1602(bb)(1)(A), and as the record undisputedly shows, the mortgaged property is not defendant's principal dwelling. Accordingly, defendant's invocation of HOEPA also fails.

Finally, as to these statutory defenses, defendant's FHA claim fails on the merits because the statute does not at all cover the situation presented here. The FHA prohibits invidious discrimination in residential real estate-related transaction on the basis of race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3605. There is no proof of any prohibited discrimination, so this defense also fails.

Defendant's fourth defense is that she was not properly served with the summons and Amended Complaint in this action. Before the Court is the sworn affidavit of service by the process server, stating that she went to defendant's residence, that she spoke to defendant, and that defendant confirmed she was the named defendant in the action. Defendant's simple denial that she was not served does not create a genuine issue of material fact. DeSouza v. PlusFunds Grp., Inc., No. 05 CIV. 5990, 2006 WL 2168478, at *4 (S.D.N.Y. Aug. 1, 2006) (finding that "conclusory denials of service are insufficient to counterbalance a process server's affidavit" (internal quotation marks omitted)).

Defendant's fifth defense is that this action is barred by the statute of limitations; however, plaintiff has submitted evidence that the mortgage was not accelerated until January 2016, and accordingly, the statute of limitations has not run. See Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982, 943 N.Y.S.2d 540, 542 (2d Dep't 2012) ("With respect to a mortgage payable in installments, separate causes of action accrued for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due. However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." (internal quotation marks and citations omitted)).

Defendant's sixth defense is that plaintiff lacks standing to file this action, alleging that plaintiff possesses the mortgage and note on defendant's property; however, this argument fails as plaintiff has shown the execution of several assignments of title and that it is the current holder of the mortgage and note on the subject property. "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." E. Sav. Bank, 631 F. App'x at 15 (internal quotation marks omitted). Defendant has not demonstrated or articulated any basis to assert a lack of standing such that it creates a genuine issue of material fact. See, e.g., Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 91 (2d Cir. 2014).

Defendant's seventh defense is that diversity does not exists between the parties to permit the Court subject matter jurisdiction, but this argument also fails as there is clear diversity between plaintiff, a one-member LLC whose sole member is a Florida resident, and defendant, a New York citizen.

Finally, defendant argues in her opposition that this matter is not ripe for summary judgment because of the absence of the mandatory foreclosure settlement conference outlined in CPLR § 3408. However, this is a procedural mechanism of state law and therefore is inapplicable in federal court. See, e.g., Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363, 370-71 (E.D.N.Y. 2012).

## CONCLUSION

Plaintiff's motion for summary judgment is granted.  As stated in the vacated Order, the only named lienholder on the property, City of New York Environmental Control Board, has not appeared despite service of the summons and complaint.  The Clerk is directed to note its default on the docket and to terminate the John Doe defendants as reflected in the caption above.  Plaintiff is directed to submit a proposed form of judgment of foreclosure and sale within seven days.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 10, 2016